**UNITED STATES FEDERAL COURT FOR THE DISTRICT OF NEW JERSEY**

Caption in compliance with D.N.J. LBR 9004-2(c)

**Geist Law, LLC**
Jared Geist, Esq.
25 Main Street
Suite 203
Hackensack, NJ 07601
Telephone: (201) 870-1488
Facsimile: (201) 812-9659
Email: jared@geistlegal.com

Case No: 2:19-cv-19589-MCA

In re:
**PALMETTO CONSTRUCTION SERVICES, LLC,**
Debtor

## EX PARTE MOTION TO VACATE ADMINISTRATIVE DISMISSAL ORDER AND REINSTATE APPEAL

### INTRODUCTION

On October 29, 2019, pursuant to Rule 8003(a)(1) of the Federal Rules of Bankruptcy Procedure, Palmetto Construction Services, LLC, appealed to the United States District Court for the District of New Jersey from the (a) the Order Granting Accolend's Cross Motion, and (b) the Order Converting the Chapter 11 Case into a Chapter 7 Case.

Palmetto is the Debtor in the above captioned matter. On or about July 7, 2019, Debtor file a "Motion to Impose Automatic Stay" through its attorney Jared A. Geist seeking to extend the automatic stay to its co-debtor and guarantor Nia Mendy (Doc.Rec. No. 24).

On or about August 4, 2019, Accolend, LLC, a purported creditor of Debtor, through its attorneys, filed an opposition in the form of a "Cross Motion" not only opposing the Debtor's Motion to extend stay but also seeking to a lift stay and/or

1

dismissal of the Chapter 11 Case (Doc.Rec. No. 37).

At a hearing of the Cross Motion the court issued an order granting not only granting the lift stay but also terminating the case and converting into a Chapter 7 Case. Both orders, were entered on October 17, 2019 by this Court. Each of these orders are final judgments ripe for appellate review pursuant to 28 USC § 158(a) (1). Further, the conversion of the Chapter 11 Case to a Chapter 7 Case, essentially terminates the Chapter 11 Case, making all issues in this matter ripe for appeal.

On November 26, 2019, the Court entered an administrative dismissal order dismissing the appeal for failure to designate the record below. The within motion is to vacate that dismissal order and reinstate the appeal on the Court's calendar.

## DESIGNATION OF THE RECORD

Because the appeal is of a final order, it was the intent of debtor to designate the entire record below. This is why a specific record designation was not made. For the sake of specificity, Appellant debtor designates <u>everything from Dec Rec 24 forward</u> until the filing of the appeal as the record on appeal as it is important for the Court to have a full understanding of the facts therein. As noted in the appeal, there were other motions debtor filed that were not heard prior to the dismissal but debtor designates them as part of the record because they contain important facts subject the issues of the appeal.

## ADMINISTRATIVE DISMISALS SHOULD BE LIBERALLY REINSTATED

2

Federal courts have long distinguished dismissals from administrative closings. See *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1050 (3d Cir. 1993). The two procedures have different practical and jurisdictional effects. The Supreme Court discussed the effects of a dismissal in *Green Tree Financial Corp. v. Randolph*, 531 U.S. 79 (2000). There, the district court had dismissed the plaintiff's claims with prejudice after referring the parties to arbitration. The Supreme Court considered whether that dismissal was an appealable final order under the Federal Arbitration Act. It noted that the "order plainly disposed of the entire case on the merits and left no part of it pending before the court." Id. at 86. It then stated that the Federal Arbitration Act "permit[s] parties to arbitration agreements to bring a separate proceeding in a district court to enter judgment on an arbitration award once it is made (or to vacate or modify it)." Id.

Our cases have extended the Supreme Court's analysis. Two years after Green Tree, we held that any order that dismisses a case for arbitration is final--even when the district court dismisses the case without prejudice. See *Blair v. Scott Specialty Gases*, 283 F.3d 595, 602 (3d Cir. 2002). We noted that "[t]he Green Tree decision draws a distinction between dismissals and stays, but does not draw any distinctions within the universe of dismissals." Id.; see Morton Int'l v. A.E. Staley Mfg., 460 F.3d 470, 477-78 (3d Cir. 2006). As a result, anyone who wishes to challenge an arbitration after a dismissal must bring a separate action. See *Green Tree*, 531 U.S. at 86.

By contrast, administrative closings are not final orders. See *WRS, Inc. v. Plaza Entm't*, 402 F.3d 424, 429 (3d Cir. 2005). We first discussed administrative closings in *Penn West Associates v. Cohen*, 371 F.3d 118 (3d Cir. 2004). In that case, the parties had reached a tentative

3

settlement agreement. The district court then ordered the clerk to mark the case "closed." Id. at 121. We concluded that the district court had administratively closed the case. For that reason, the court should have reopened the case after the agreement fell apart.

District courts often use administrative closings to prune their overgrown dockets. Id. at 128. The practical effect is "to remove a case from the court's active docket and permit the transfer of records associated with the case to an appropriate storage repository." *Lehman v. Revolution Portfolio L.L.C.*, 166 F.3d 389, 392 (1st Cir. 1999). Administrative closings are particularly useful "in circumstances in which a case, though not dead, is likely to remain moribund for an appreciable period of time." Id.

Most importantly, administrative closings have no effect on the district court's jurisdiction. *Penn West*, 371 F.3d at 128. As the First Circuit explained, "[a]dministrative closings comprise a familiar, albeit essentially ad hoc, way in which courts remove cases from their active files without making any final adjudication." *Lehman*, 166 F.3d at 392. This means that a court may reopen a closed case--either on its own <u>or at the request of either party</u>--even if it lacks an independent jurisdictional basis for doing so. See *Fla. Ass'n for Retarded Citizens, Inc. v. Bush*, 246 F.3d 1296, 1298 (11th Cir. 2001) ("Designating a case 'closed' does not prevent the court from reactivating a case either of its own accord or at the request of the parties."). There is substantial unanimity on this issue. See *Dees v. Billy*, 394 F.3d 1290, 1294 (9th Cir. 2005) ("[T]hose circuits that have confronted the issue have unanimously [agreed] . . . that an administrative closing has no jurisdictional effect."); *Penn-Am. Ins. v. Mapp*, 521 F.3d 290, 297 (4th Cir. 2008); cf. Green Tree, 531 U.S. at 87 n.2 (concluding that if the district court had "entered a stay instead of a dismissal," its order would not have been final).

"The judicial process works best when orders mean what they say. Surprising

4

interpretations of simple language--perhaps on the basis of a judicial intent not revealed in the words--unnecessarily create complex questions and can cause persons to forfeit their rights unintentionally." *Adams v. Lever Bros. Co.*, 874 F.2d 393, 395 (7th Cir. 1989). Consistent with this principle, we have rejected previous attempts to characterize an administrative closing as a final order in disguise, see *Penn West*, 371 F.3d at 129, as have other circuits, see, e.g., *Penn-Am. Ins.*, 521 F.3d at 297.

The First Circuit has confronted the opposite issue: whether to recharacterize a so-called dismissal order as an administrative closing when the order was not final. See *Lehman*, 166 F.3d at 391-92 (concluding that <u>the district court's order was an administrative closing</u>, despite the label "procedural order of dismissal," because it was not a final judgment that could be corrected under Federal Rule of Civil Procedure 60). That is exactly the situation in the within matter- it was an administrative dismissal due to a failure of designation of the record which has now been properly designated. Thus, it should be liberally reinstated.

Respectfully submitted,

**GEIST LAW, LLC**

By: */s/ Jared Geist*
Jared Geist, Esq.
25 Main Street
Suite 203
Hackensack, NJ 07601
Telephone: (201) 870-1488

Facsimile: (201) 812-9659
Email: jared@geistlegal.com

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE PALMETTO CONSTRUCTION SERVICES, LLC | CASE NO: 2:19-cv-19589-MCA <br><br> JUDGE: Madeline Cox Arleo |

**CONSIDERING**, the Motion to vacate the administrative dismissal of November 26, 2019 of Palmetto Construction Services, LLC's appeal of a Bankruptcy Court Order, lifting the automatic stay, dismissing its Chapter 11 Case and coverting it to a Chapter 7 case,, and the papers submitted fortwith in support of same, and the procedural defect having now been cured, and the matter having been submitted to the Court ex parte,

**IT IS ORDERED THAT:**

1. The November 26, 2019 administrative dismissal of the appeal is hereby vacated; and
2. The appeal is added to the active appeal calendar.
3. Palmetto Construction Services, LLC's brief shall be due on _____.
4. Any opposition briefs shall be due on _____.
5. Any reply briefs shall be due on _____.

1

6. A copy of this Order shall be served on all parties within _____ days.

SO ORDERED.
ENTERED this _____ day of _____, 2019.

_____
                                  U.S. District Judge