

Jeffrey Schreiber
*Partner*
js@msf-law.com

January 7, 2020

**VIA CM/ECF**

Hon. Madeline Cox Arleo
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    ***In re Palmetto Construction Services, LLC,*** **Petition No. 2:19-cv-19589 (MCA)**

Dear Judge Cox Arleo:

My firm represents creditor Accolend, LLC f/k/a Asset Lending and Loans, LLC ("Accolend"), the sole secured creditor in the above-referenced action and related bankruptcy proceeding pending in the United States Bankruptcy Court for the District of New Jersey under the caption *In re Palmetto Construction Services, LLC,* Petition No. 2:19-21051(VFP) (the "Bankruptcy"). Please accept this letter in lieu of a more formal memorandum of law in opposition to Debtor Palmetto Construction Services, LLC's ("Debtor's") purported "ex parte" motion to vacate the order dismissing this appeal (ECF No. 4) and reinstate this appeal.

Debtor's motion -- a motion that is merely the latest in a long series of the Debtor's dilatory and frivolous litigation tactics in multiple fora in connection with this matter, including in: the Chancery Division of the Superior Court of the State of New Jersey in Morris and Warren Counties, as well as the Law Division in Bergen County; the State of Louisiana District Court; the United States District Courts for the Central District of California and the District of New Jersey[1]; the Bankruptcy Court below and an arbitration hearing held by the American Arbitration Association in New Jersey (Robert Bartkus, Esq., Arbitrator) -- must be denied, because: (i) Your Honor properly Ordered the dismissal of the appeal after the Clerk of the Court filed a certification regarding Debtor's failure to designate the record on appeal; (ii) the Debtor has failed to provide a sufficient, or indeed any, excuse as to why it failed to timely designate its record on appeal even after the Clerk's certification provided notice of the deficiency and why it did not bring this motion until more than three weeks after Your Honor dismissed the appeal; and (iii) Debtor's consistent delays, including this one, prejudice Accolend.

---

[1]     In a case the Debtor purportedly commenced and later voluntarily dismissed that was styled and captioned *Mendy, et al. v. GBCap Fund, LP, et al.,* 2:19 - cv- 330, Judge McNulty noted that Debtor's tactics had made "a hash" of the Court's docket.

*Hon. Madeline Cox Arleo, U.S.D.J.*
*Page 2*

## Your Honor Properly Dismissed This Appeal

It is well settled that the District Court has the authority to dismiss an appeal on the grounds of procedural defects. Fed. R. Bankr. P. § 8003, and particularly appropriate that the Court do so here, where this is merely the latest in a long series of frivolous litigation tactics and where the appeal is so obviously without merit.[2] On October 30, 2019, Debtor filed a Notice of Appeal triggering the statutory deadline under Fed. R. Bankr. P. § 8009 to, among other things, designate its record on appeal. After Debtor failed to designate the record on appeal, or even to request an extension of time to do so, the Clerk of the Court filed a certification certifying Debtor's failure to file a designation of record. (ECF No. 2). Despite receiving notice of this certification, Debtor again failed to designate its record on appeal or provide a valid excuse as to its procedural defect. Thus, on November 26, 2019, Your Honor entered an Order ("Order") dismissing this appeal. (ECF No. 4).

Because Debtor knows it had no valid excuse for its failure to timely designate its appeal record, Debtor resorts to arguing that Your Honor's Order constitutes an "administrative closing" of the case, not a final order, that ostensibly should be reopened by citing to inapposite caselaw. For instance, Debtor inaccurately likens the Order in this case to that in *WRS, Inc. v. Plaza Entertainment, Inc.*, 402 F.3d 424 (3d Cir. 2005) where the Clerk of the Court administratively closed the case after counsel withdrew from the case, plaintiff filed for bankruptcy and a significant amount of time lapsed; however, there the District Court never entered an order dismissing the case as Your Honor did here in light of Debtor's failure to comply with statutory requirements. Debtor also cites to *Penn West Assocs. Inc. v. Cohen*, 371 F.3d 118 (3d Cir. 2004) for a similarly improper analogy. In *Penn West*, the case was administratively closed because the parties reported that they had reached a final settlement. When the settlement fell through, plaintiff sought to reopen the case successfully arguing before the Third Circuit that the closing of the case did not constitute a final adjudication of the action but rather an administrative closing of the case that could liberally be reopened. That is also not the case here. Here, Debtor's failure to comply with its obligations under the Federal Bankruptcy Rules of Procedure constitute substantive inadequacies in this appeal and the Court's dismissal on that ground is not, as Debtor suggests, a way to "remove [a] case[] from their active files without making any final adjudication." Rather, the Order constitutes the Court's final adjudication of the appeal on the basis that Debtor failed to meet the statutory requirements for appeal.

---

[2] As just one example, Debtor's primary argument on appeal is that the Bankruptcy Court erred by converting this Chapter 11 case to Chapter 7 instead of dismissing it. *See* Debtor's Motion for a Stay Pending Appeal at the Bankruptcy's Docket No. 132. However, in its underlying brief in opposition, the Debtor itself argued below that the Bankruptcy Court should convert to Chapter 7 rather than dismiss. *See* Debtor's Memorandum of Law in Opposition to Accolend, LLC's Motion to Dismiss or in the alternative Lift the Stay at the Bankruptcy's Docket No. 80, pages 18-20.

*Hon. Madeline Cox Arleo, U.S.D.J.*
*Page 3*

### Debtor Has No Valid Excuse For Its Failure To Comply With Statutory Requirements

Absent any plausible reasoning and despite being offered by counsel, Debtor claims that it failed to designate its record on appeal because its "intent" was supposedly to "designate the entire record below." First, this supposed explanation does not amount to excusable neglect, the legal standard under Fed. R. Bankr. Pr. § 9006(b)(1) to enlarge the amount of time prescribed under the Rules. *See, e.g., In re Baltimore Grill, Inc.,* No. 17-220-RMB, 2017 WL 3332254 *2-3 (D. N.J. Aug. 4, 2017) (where the Court found that appellant's untimely filing of Notice of Appeal did not amount to excusable neglect even though appellant was acting *pro se* and certified that she failed to file due to the stress of the loss of her family business); *In re Saunders,* No. 17-13691-BRM, 2018 WL 4679957 *2 (D. N.J. Sept. 28, 2018) (no excusable neglect found where appellant claimed it was waiting for the Bankruptcy Court's transcript to file the designation of record).

Second, even if this purported excuse was valid – which it is not – it certainly does not explain why Debtor failed to designate its record on appeal *after* Debtor received notice of the certification from the Court confirming that the required record had not been submitted. Nor, for that matter, does it explain why Debtor took almost a month to file this motion from the time Your Honor issued its Order dismissing the case.

Moreover, while Debtor contends its "intent" was to designate the full record – that is purportedly why it did not timely designate anything at all – this claim is belied by Debtor's recent improper filing of its designated record, which *does not* include all filings in the Bankruptcy.

### Debtor's Delay Prejudices Accolend

Finally, Debtor's motion to reopen must be denied as its intentional delay – just the most recent in Debtor's series of delay tactics throughout the litigation between the parties – injures and will continue to injure the creditors in the Bankruptcy, including Accolend. It is undisputed in the Bankruptcy that the four properties held by Debtor are the main assets of the bankruptcy estate and the longer they sit vacant and exposed to waste, damage and potential liability they continue to depreciate in value, substantially prejudicing Accolend's secured claims and the claims of the other creditors.

Thus, for these reasons and many more, Debtor's improper motion should be denied.

Respectfully Submitted,

Jeffrey Schreiber

Cc:    All Counsel (via CM/ECF)